[951 NYS2d 427]

In the Matter of Louis Asandrov, an Attorney, Respondent. Grievance Committee of the Seventh Judicial District, Petitioner.

Fourth Department, August 15, 2012

APPEARANCES OF COUNSEL

*Daniel A. Drake, Principal Counsel, Seventh Judicial District Grievance Committee,* Rochester, for petitioner.

*Louis Asandrov,* respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on June 28, 1984, and maintains an office in Rochester. The Grievance Committee filed a petition charging respondent with acts of misconduct, including failing to comply with established rules of procedure with respect to his practice in federal bankruptcy court and engaging in illegal conduct by failing to file federal and state personal income tax returns and to pay the related taxes for a three-year period. Respondent filed an answer denying material allegations of the petition, and a referee was appointed to conduct a hearing. Prior to the hearing, the parties by stipulation resolved all outstanding factual issues relating to the charges of misconduct. The Referee thereafter heard evidence in mitigation of the charges. The Referee filed a report, which the Grievance Committee moves to confirm. The parties appeared before this Court on the return date of the Grievance Committee's motion, and respondent was heard in mitigation at that time.

With respect to the charges concerning respondent's alleged failure to file tax returns and to pay the related taxes, the Referee found that, on June 28, 2011, respondent was convicted upon his plea of guilty in Rochester City Court of failure to pay tax (Tax Law former § 1810), an unclassified misdemeanor. Respondent admitted that he failed to pay New York State personal income tax in a timely manner for the year 2007. The court sentenced respondent to a one-year conditional discharge. The Referee further found that, in addition to respondent's admitted failure to pay state income tax for the year 2007, respondent failed to file state and federal income tax returns for the years 2006 through 2008, failed to pay federal income taxes for the years 2006 through 2008, and failed to pay state income tax for the year 2006.

With respect to the charges arising from respondent's practice of law before the United States Bankruptcy Court for the Western District of New York (Bankruptcy Court), the Referee found that, from 2007 through 2010, in relation to eight client matters respondent failed to comply with various provisions of

the Bankruptcy Code (11 USC), including failing to file pay advices on behalf of clients, failing to appear at a meeting of the creditors and failing to file required schedules and repayment plans. The Referee further found that respondent's failure to comply with the Bankruptcy Code resulted in the dismissal of four client matters by the Bankruptcy Court. In addition, the Referee found that, from 2008 through 2010, respondent filed a series of six pro se chapter 13 bankruptcy proceedings, all of which were dismissed based upon respondent's failure to comply with various provisions of the Bankruptcy Code. The Referee further found that, in 2009, the bankruptcy trustee in two separate client matters moved for an order requiring respondent to disgorge his legal fees earned in those matters for failing to comply with the Bankruptcy Code. The Referee found that, in 2010, respondent resolved those motions by entering into a consent order in each matter whereby he agreed to certify to the Bankruptcy Court within 10 days of entry of the consent order that he had disgorged his legal fees, and he further agreed to review all future bankruptcy petitions before he filed them to ensure their compliance with the Bankruptcy Code. The Referee further found that respondent failed to comply with the consent orders when, in relation to both client matters, he failed to certify that he had disgorged his legal fees in a timely manner. In addition, the Referee found that respondent's sixth pro se chapter 13 bankruptcy proceeding, which was filed in October 2010, constituted a violation of the consent orders because respondent failed to attach to his bankruptcy petition the required schedules and supporting documentation as required by the Bankruptcy Code.

We confirm the findings of fact made by the Referee and conclude that respondent has violated the following former Disciplinary Rules of the Code of Professional Responsibility and the following Rules of Professional Conduct:

DR 1-102 (a) (3) (22 NYCRR 1200.3 [a] [3])—engaging in illegal conduct that adversely reflects on his honesty, trustworthiness or fitness as a lawyer;

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]) and rule 8.4 (d) of the Rules of Professional Conduct (22 NYCRR 1200.0)—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]) and rule 8.4 (h) of the Rules of Professional Conduct (22 NYCRR 1200.0)—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]) and rule 1.3 (b) of the Rules of Professional Conduct (22 NYCRR 1200.0)— neglecting a legal matter entrusted to him; and

DR 7-106 (c) (7) (22 NYCRR 1200.37 [c] [7]) and rule 3.3 (f) (3) of the Rules of Professional Conduct (22 NYCRR 1200.0)— intentionally or habitually violating an established rule of procedure or of evidence in appearing as a lawyer before a tribunal.

We have considered, in determining an appropriate sanction, the matters submitted by respondent in mitigation, including his expression of remorse and his statement that he has now filed his state income tax returns and paid the related taxes due for the years 2006 through 2008. We have additionally considered respondent's statement that he suffered from various health problems during the relevant time period. We note, however, the finding of the Referee that respondent failed to present proof that his health problems contributed to the misconduct. We further note the finding of the Referee that respondent knowingly failed to pay his income taxes and instead chose to satisfy other obligations. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be censured.

CENTRA, J.P., PERADOTTO, LINDLEY and MARTOCHE, JJ., concur.

Order of censure entered.